There is no merit to the contention of respondent that he was denied a fair and impartial hearing. Although the court erred in making certain factual findings, those erroneous findings do not establish that the court was biased. Rather, we conclude that those findings were based on the court's inadvertent mistaken recollections of testimony and that the court nevertheless arrived at an appropriate disposition.

We also reject respondent's contention that the court should have suspended judgment rather than transferring guardianship and custody of the child to petitioner (see, Matter of Sonny H. B., 249 AD2d 940). (Appeal from Order of Erie County Family Court, Rosa, J.—Terminate Parental Rights.) Present— Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.

■ In the Matter of ELIZABETH F. and Others, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TINA F., Appellant. [710 NYS2d 282] —Order unanimously affirmed without costs for reasons stated in decision at Erie County Family Court, Rosa, J. (Appeal from Order of Erie County Family Court, Rosa, J.—Terminate Parental Rights.) Present— Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.

■ In the Matter of LACEY B., Appellant. CHAUTAUQUA COUNTY ATTORNEY, Respondent. (Appeal No. 1.) [714 NYS2d 911] —Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Chautauqua County Family Court, Claire, J.—Placement.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.

■ In the Matter of LACEY B., Appellant. CHAUTAUQUA COUNTY ATTORNEY, Respondent. (Appeal No. 2.) [714 NYS2d 912] —Order unanimously affirmed without costs for reasons stated at Chautauqua County Family Court, Claire, J. (Appeal from Order of Chautauqua County Family Court, Claire, J.—Placement.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.

■ In the Matter of BERNICE MARINELLI, Respondent, v JAMES R. VERNILLE, Appellant. (Appeal No. 1.) [714 NYS2d 912] —Order unanimously affirmed without costs. Memorandum: By consent order dated July 11, 1991, petitioner and respondent agreed to contribute to their children's college expenses "pursuant to their ability." In April 1998 petitioner commenced this proceeding seeking an order directing respondent to contribute to the college expenses, asserting that he was not paying any portion of those expenses. Following a hearing, the Hearing Examiner concluded that respondent had the ability